# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TERESA BURWELL,

    Plaintiff(s),

v.

MEADOW MESA APARTMENTS, L.P, et al.,

    Defendant(s).

Case No.: 2:18-cv-01825-GMN-NJK

**Order**

(Docket No. 39)

Pending before the Court is the parties' joint motion for leave to file Plaintiff's motion to approve settlement agreement under seal. Docket No. 39. For the reasons stated below, the Court defers on that request until, as detailed below, the parties file a supplement to their motion. The parties must file that supplement by September 27, 2019.

**I.  STANDARDS**

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To keep documents attached to non-dispositive motions confidential, parties must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting Foltz, 331 F.3d at 1137). Any request to seal documents must be "narrowly tailored to the material that warrants secrecy. *E.g., Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *PressEnterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). Thus, if confidential material can be easily redacted while leaving meaningful material available to the public, the Court must order that redacted versions be filed rather than sealing entire

documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

**II.      ANALYSIS**

The Court recognizes that there are compelling reasons to seal settlement discussions. However, the parties' request to seal Plaintiff's motion to approve settlement agreement is not narrowly tailored to the material that warrants secrecy. The parties seek to seal the entire 66-page motion (counting the exhibits). Docket No. 39 at 3; *see* Docket No. 37 (motion to approve settlement agreement). It is unclear to the Court why all sixty-six pages should be sealed rather than a portion of them along with redacting other actual confidential material.

**III.     CONCLUSION**

Therefore, the Court defers ruling on the parties' joint motion for leave to file Plaintiff's motion to approve settlement agreement under seal. Docket No. 39. No later than September 27, 2019, the parties must file a supplement to their motion that explains with particularity whether the alleged confidential material in Plaintiff's motion can be easily redacted or which portion must be sealed. If the material can be easily redacted, Plaintiff must also file a proposed redacted version of the motion by the same date.

IT IS SO ORDERED.

Dated: September 18, 2019

                                                                                                    _____
                                                                                                    Nancy J. Koppe
                                                                                                    United States Magistrate Judge