# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TERESA BURWELL,

    Plaintiff(s),

v.

MEADOW MESA APARTMENTS, L.P., et al.,

    Defendant(s).

Case No.: 2:18-cv-01825-GMN-NJK

**Order**

(Docket Nos. 39, 46)

Pending before the Court are the parties' joint motion for leave to file Plaintiff's motion to approve settlement agreement under seal and joint supplement to that motion. Docket Nos. 39, 46. For the reasons stated below, the Court **GRANTS** the parties' motions in part.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To keep documents attached to non-dispositive motions confidential, parties must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137). Any request to seal documents must be "narrowly tailored" to the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *PressEnterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). Thus, if confidential material can be easily redacted while leaving meaningful material available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

The Court recognizes that there are compelling reasons to seal settlement discussions. A request to seal, however, must still be narrowly tailored to the material that warrants secrecy. The parties' motion sought to seal the entirety of Plaintiff's sixty-six page motion to approve the settlement agreement. Docket No. 39. The Court ordered the parties to file a supplement to the motion that outlined whether the alleged confidential information in Plaintiff's motion to approve the settlement agreement could be easily redacted. Docket No. 41 at 3. The parties filed a joint supplement stating that the motion could be easily redacted. Docket No. 46. Specifically, the parties' joint supplement states that they seek to redact only "dollar amounts relating to the confidential settlement" and "eight substantive pages of the draft General Release and Settlement Agreement." *Id.* at 3–4. The parties later filed a redacted version of Plaintiff's motion to approve the settlement agreement. Docket No. 55. The Court finds that the redacted material warrants secrecy.

Accordingly, the Court **GRANTS** Plaintiff's joint motion for leave to file Plaintiff's motion to approve the settlement agreement under seal only as to the redacted parts. Docket Nos. 39, 46. Since the parties filed a properly redacted version of Plaintiff's motion to approve the settlement agreement on the public docket, Docket No. 55, the Clerk of Court is **INSTRUCTED** to seal the original motion, Docket No. 37.

IT IS SO ORDERED.

Dated: October 18, 2019

_____
Nancy J. Koppe
United States Magistrate Judge